UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN MARTINEZ,<br>　　　　Petitioner,<br>　　v.<br>LEANNA LUNDY,<br>　　　　Respondent. | Case No. 24-cv-00033-TLT<br><br>**ORDER OF DISMISSAL;<br>DENYING CERTIFICATE OF<br>APPEALABILITY** |

Petitioner filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He paid the filing fee. For the reasons set forth below, the petition will be dismissed and a certificate of appealability will be denied.

**DISCUSSION**

**1.　　Background**

Petitioner was convicted by plea of first-degree murder in Alameda County in 1993 and sentenced to an indeterminate prison term of 25 years and eight months in case number 112553. ECF 1 at 26. In 2000, he was sentenced in Lassen County Superior Court to another, consecutive, indeterminate prison term for an offense committed while in custody. He was later sentenced to an additional determinate term for another custodial offense in Lassen County. In 2021, petitioner's Lassen County sentences were recalled pursuant to California Penal Code section 1170(d), and he was resentenced to an 8- or 10-year determinate term.

The version of section 1170(d) in effect in March 2021 allowed California courts to "recall [a] sentence and commitment previously ordered and resentence [a] defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence" and required courts to "apply the sentencing rules of the Judicial Council so as

1   to eliminate disparity of sentences and to promote uniformity of sentencing."

2       On February 2, 2022, petitioner filed a habeas petition in Alameda County Superior Court,
3   arguing that his Alameda County indeterminate term had expired in April 2015, at which time his
4   Lassen County indeterminate term had begun, and that his 2021 resentencing of that term to a
5   determinate term meant that he had served his full sentence and could no longer be held in prison.
6   ECF 1 at 26-30.  The court denied the petition on March 7, 2022, explaining that petitioner's
7   Alameda County indeterminate term was still in effect for case number 112553, and that "a
8   defendant must serve the full minimum term of each [of two indeterminate sentences run
9   consecutively] before becoming eligible for parole" (emphasis omitted).  *Id.* at 28.  The court
10  found that a prisoner serving a life term who commits a custodial offense will begin serving the
11  consecutive sentence for the custodial offense "on the date he is found suitable for parole"
12  (emphasis omitted) rather than the date of his completion of a parole board-calculated base term.
13  *Id.* at 29.  Petitioner has never been found suitable for parole.  *Id.*

14      Petitioner filed his habeas petition in the California Court of Appeal, which denied it on
15  May 19, 2022, and the California Supreme Court, which denied it on September 14, 2022.  ECF 1
16  at 36, 38.

17      Petitioner also filed an administrative appeal in prison.  ECF 1 at 33.  The Office of
18  Appeals responded on September 6, 2023, and explained that his Lassen County indeterminate
19  sentence was resentenced from 25 years to life to an 8-year determinate term to run consecutive to
20  the Alameda County term.  *Id.*  It explained that the 8-year term would begin "[w]hen and if the
21  Board of Parole Hearings (BPH) grants parole on your Alameda County life term," followed by
22  his two additional in-prison terms of three additional years.  *Id.*  It informed petitioner that his
23  Minimum Eligible Parole Date was March 3, 2015, and petitioner was scheduled for an initial
24  hearing in front of the BPH no later than July 28, 2025.

25      Petitioner filed this petition on January 3, 2024.  He argues that he is being held in prison
26  after the "discharge of his initial sentence" in violation of his constitutional due process rights.

27      **2.**    **Legal Standard**
28      This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in

1 custody pursuant to the judgment of a State court only on the ground that he is in custody in
2 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It
3 shall "award the writ or issue an order directing the respondent to show cause why the writ should
4 not be granted, unless it appears from the application that the applicant or person detained is not
5 entitled thereto." *Id.* § 2243.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### 3. Analysis

Here, it plainly appears from the face of the petition and attachments that petitioner's claims are not cognizable, and thus, Rule 4 summary dismissal is required here. Petitioner has not stated a cognizable claim that he is in custody in violation of the Constitution or federal law. It is clear that under state law petitioner must be found suitable for parole in order to for his Alameda County indeterminate sentence to be completed. Petitioner has not been found suitable for parole, and there is no constitutional right to parole. *See Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Nor does petitioner appear to be arguing that he should be provided an earlier opportunity to seek parole. While state statutes or regulations can sometimes create a liberty interest protected by the Constitution, *see id.; Olim v. Wakinekona*, 461 U.S. 238, 249 (1983), petitioner has not demonstrated that any state statute or regulation provides him with the right to be released from his indeterminate sentence without being found suitable for parole.

To create a liberty interest enforceable under the Due Process Clause, a state statute or regulation must place substantive limitations on official discretion. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454 (1989). To give rise to a liberty interest, a regulation must contain "'explicitly mandatory language,' *i.e.,* specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow, in order to create a liberty interest." *Id.* at 1910 (citation omitted). Petitioner has not identified any state statute or regulation that has created a liberty interest impacting his sentence. His claim that his section

1170(d) resentencing for his later convictions somehow terminates his prior indeterminate sentence is facially wrong. There is no cognizable due process claim. The petition is DISMISSED.

**CERTIFICATE OF APPEALABILITY**

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

**CONCLUSION**

For the reasons set forth above, the petition for writ of habeas corpus is DISMISSED, and a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

Dated: April 11, 2024

TRINA L. THOMPSON
United States District Judge